IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES LANKTON and ASHLEY LANKTON, <br>     PLAINTIFFS, <br><br> v. <br><br> SENTRY RECOVERY & COLLECTIONS, INC., <br>     DEFENDANTS | Case No. 3:21-cv-124 |

## COMPLAINT AND JURY DEMAND

This action arises out of violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (hereinafter referred to as "FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, *et seq*. by Sentry Recovery & Collections, Inc. (hereinafter referred to as "Sentry").

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1681p.

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

## VENUE

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that defendants transact business in this judicial district and directed actions toward residents of this district, and a substantial portion of the acts giving rise to this action occurred in this District.

4. Plaintiff resides in this District.

## **PARTIES**

5. Plaintiffs James Lankton and Ashley Lankton, are adult individuals residing in Rockwall County, Texas, and are each a "consumer" as the term is defined by 15 U.S.C. § 1681a(c), 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

6. Sentry is a Nevada business entity operating from Orem, Utah and/or western New York.

7. Sentry is not registered to do business in Texas, but can be served in New York or Utah in accordance with the laws of either state or in accordance with the laws of the state of Texas.

8. Sentry conducts business and markets itself on its website (www.srcnv.com) (last visited December 16, 2020) includes the following statements among others:

   a. "Sentry Recovery & Collections, Inc. has provided complete and comprehensive collection services for many types of property management companies. The collection techniques utilized by our property management collectors effectively create a desire to pay."

   b. "We can help with collection techniques that are professional and knowledgeable, techniques designed to get your money returned, while maintaining your professional image."

9. The principal purpose of Sentry is the collection of debts using the mails and telephone and other means.

10. Sentry regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

11. As will be described below, Sentry attempted to collect an alleged debt from Plaintiff.

12. Sentry is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

13. Sentry is also a furnisher of information to consumer reporting agencies.

## FACTUAL ALLEGATIONS

14. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account"). Specifically, the Account was a debt on a balance allegedly owed to an apartment complex after Plaintiffs moved out of their apartment residence. The account was not used for business or commercial purposes.

15. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

16. The Account allegedly went into default with the original creditor and was then purchased by, or otherwise place with, Sentry for collection.

17. Plaintiffs admit that the Account existed at one time, but dispute the amount Sentry attempted to collect.

18. Plaintiff requests that defendants cease all further communications regarding the Account.

**Unlawful Collection Practices**

19. After the Account was transferred to Sentry for collection, Sentry began calling Plaintiffs on August 5, 2020. In a voicemail left that day, Sentry stated:

> We have an important message from SRC. This call is from a debt collector. I can be reached at (702) 944-4126. Thank you.

20. In the voicemail message described in the above paragraph, Sentry failed to provide meaningful disclosure of its identity.

21. In the voicemail message described above, the first communication from Sentry, Sentry failed to inform Plaintiffs that any information obtained from Plaintiffs would be used for the purpose of debt collection.

22. On September 4, 2020, Plaintiff's received a voicemail from Sentry, which stated:

> This is an important message from Sentry, a debt collector. Please contact me at (702) 944-4120. Again, the number is (702) 944-4120.

23. In the voicemail message described in the above paragraph, Sentry failed to provide meaningful disclosure of its identity.

24. In the voicemail message described above, Sentry failed to inform Plaintiffs that any information obtained from Plaintiffs would be used for the purpose of debt collection.

25. Plaintiffs asked Sentry to stop calling.

26. Sentry called Plaintiffs again on September 9, 2020.

27. In mid-September, 2020, Sentry called a relative of Plaintiffs and identified itself as "Sentry Group."

28. Subsequent to receiving the voicemail described above, Plaintiffs filed complaints with the Better Business Bureau ("BBB") and the Consumer Finance Protection Bureau ("CFPB").

29. Sentry responded to the BBB and CFPB complaints with material misrepresentations of their attempts to contact Plaintiff and collect the Account.

30. In the complaints to the BBB and the CFPB, Plaintiffs requested that Sentry stop calling.

31. Sentry acknowledged the request to stop calling in its October 1, 2020 response to the BBB complaint and advised that it would no longer attempt to contact them.

32. Despite Plaintiffs' requests, and Sentry's acknowledgments, to not contact Plaintiffs any more, Sentry continued to call Plaintiffs including but not limited to October 5, 2020 and October 6, 2020.

33. On October 5, 2020, in a phone call with Plaintiff, Sentry informed Plaintiffs that Sentry owned the Account and that Sentry had legal authority to collect from Plaintiffs, a resident of Texas.

34. Both of the statements described above were false and misleading statements.  Sentry does not have legal authority to collect debts in Texas as it does not have a surety bond on file with the Texas Secretary of State as required by Texas law.  Further, on information and belief, Sentry does not own the Account.

35. Sentry never provided Plaintiffs with notice of their rights dispute the debt as required by 15 U.S.C. § 1692g.

**Unlawful Credit Reporting**

36. Reporting account information to credit reporting agencies regarding consumer accounts in default and in collections is collection activity.

37. As part of its effort to collect the Account from Plaintiffs, Sentry reported the Account to at least two credit reporting agencies, TransUnion and Equifax.

38. However, Sentry is not authorized to collect debts from consumers living in Texas as Sentry does not have a surety bond on file with the Texas Secretary of State as required by Tex. Fin. Code § 392.101.

39. On October 13, 2020, both Plaintiffs mailed separate letters to TransUnion and Equifax informing them that Sentry was engaging in illegal collection activity by reporting the information to TransUnion and Equifax and demanded that TransUnion and Equifax stop allowing this illegal collection activity to continue by removing the Account from Plaintiffs' credit files.

40. TransUnion and Equifax received both letters on, or before, October 19, 2020.

41. On information and belief, Trans Union and Equifax transmitted copies of the disputes to Sentry.

42. Sentry failed to conduct a reasonable investigation of Plaintiffs' disputes and continued to unlawfully report the information to Plaintiffs' credit files.

43. TransUnion immediately removed information about the Account from Plaintiffs' credit files.

44. Equifax, however, allowed the illegal collection activity to continue.

45. By reporting the Account information to Equifax, Sentry has negatively affected Plaintiffs' credit rating and their creditworthiness.

46. By reporting the Account information to TransUnion and/or Equifax, Sentry communicated information about the Account to a third-party without the consent of Plaintiff or legal authority.

47. Each telephone call, voicemail and written communication to, and/or with, Plaintiff constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

48. The only reason that Sentry and/or representative(s), employee(s) and/or agent(s) of Sentry made telephone call(s) to Plaintiff was to attempt to collect the Account.

49. The only reason that Sentry and/or representative(s), employee(s) and/or agent(s) of Sentry had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

50. All of the conduct by Sentry and their respective employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

51. As a consequence of the collection activities and communication(s) by Sentry, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

## RESPONDEAT SUPERIOR

52. The representative(s) and/or collector(s) at Sentry were employee(s) and/or agents of Sentry at all times mentioned herein.

53. The representative(s) and/or collector(s) at Sentry were acting within the course of their employment at all times mentioned herein.

54. The representative(s) and/or collector(s) at Sentry were under the direct supervision and control of Sentry.

55. The actions of the representative(s) and/or collector(s) at Sentry are imputed to their employer, Sentry.

## COUNT I: VIOLATIONS OF THE FCRA, 15 U.S.C § 1681, et seq. BY SENTRY RECOVERY & COLLECTIONS, INC.

56. All prior paragraphs are adopted herein as if set forth word for word.

57. Sentry violated 15 U.S.C. § 1681s-2(a)(1)(A) by reporting to the consumer reporting agency information that it knew or had reasonable cause to believe was inaccurate.

58. Sentry violated 15 U.S.C. § 1681s-2(a)(8)(E) and 1681s-2(b)(1) by failing to conduct a reasonable investigation with respect to the information Plaintiff disputed.

59. As a consequence of Sentry's actions, Plaintiff seeks damages pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT II:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
### BY SENTRY RECOVERY & COLLECTIONS, INC.

60. The previous paragraphs are incorporated into this Count as if set forth in full.

61. The act(s) and omission(s) of Sentry and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e generally and § 1692e(2)&(8)&(10)&(11) specifically and 15 U.S.C. § 1692g(a).

62. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Sentry.

### COUNT IV:  VIOLATIONS OF THE TEXAS FINANCE CODE
### BY SENTRY RECOVERY & COLLECTIONS, INC.

63. The previous paragraphs are incorporated into this Count as if set forth in full.

64. The act(s) and omission(s) of Sentry and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.101 and Tex. Fin. Code § 392.304(a)(5)(A)& 5(B)&(14)&(19).

65. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Sentry.

66. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks $100 in stator damages for every violation of the Tex. Fin. Code as described herein from Sentry.

67. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Sentry enjoining it from future violations of the Texas Finance Code as described herein.

### JURY TRIAL DEMAND

68. Plaintiff is entitled to and hereby demands a trial by jury.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court grant the following:

69. Judgment in favor of Plaintiff James Lankton and against Sentry Recovery & Collections, Inc. as follows:

    a. The greater of actual damages or $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A) or the amount of actual damages pursuant to 15 U.S.C. § 1681o;

    b. Punitive damages pursuant to 15 U.S.C. § 1681n(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. §1681n(3);

    d. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    e. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    f. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    g. Statutory and actual damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

    h. An injunction permanently enjoining Sentry Recovery & Collections, Inc. from future violations of the Texas Finance Code as described herein;

    i. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

    j. Such other and further relief as the Court deems just and proper.

70. Judgment in favor of Plaintiff Ashley Lankton and against Sentry Recovery & Collections, Inc. as follows:

    a. The greater of actual damages or $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A) or the amount of actual damages pursuant to 15 U.S.C. § 1681o;

b. Punitive damages pursuant to 15 U.S.C. § 1681n(2);

c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. §1681n(3);

d. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

e. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

f. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

g. Statutory and actual damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

h. An injunction permanently enjoining Sentry Recovery & Collections, Inc. from future violations of the Texas Finance Code as described herein;

i. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

j. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
The Wood Firm, PLLC
209 Hubbard Dr.
Heath, TX  75032
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff